# MEMO ENDORSED.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- X
                                :

**JAZMINE N. RIVERA,**                   :

                       :

             **Plaintiff,**         :         **Case No. 1:19-cv-11879-OTW**

                       :

             **v.**                  :         **MEMORANDUM OF LAW IN**

                       :         **SUPPORT OF MOTION FOR**

**COMMISSIONER OF SOCIAL SECURITY,**   :        **ATTORNEYS' FEES**

                       :

            **Defendant.**       :
------------------------------------------------------------- X

## PRELIMINARY STATEMENT

Plaintiff Jazmine N. Rivera ("Ms. Rivera" or "Plaintiff") and his counsel, Daniel A. Osborn of Osborn Law, P.C., hereby move the Court to approve an attorney fee of $38,647.23 pursuant to the Social Security Act, 42 U.S.C. §406(b), for legal work performed before this Court. Filed contemporaneously with this motion is the Declaration of Daniel Osborn, dated April 30, 2025.

## PROCEDURAL HISTORY

In December 2019, Ms. Rivera engaged Osborn Law, P.C. to file an action in Federal Court for review of the Social Security Commissioner's denial of disability insurance benefits and supplemental security income. Osborn Declaration ("Osborn Decl.") ¶2. A true and accurate copy of the Fee Agreement is attached as **Exhibit 1** to the Osborn Decl.

Ms. Rivera, through the undersigned counsel, commenced this action on December 27, 2019. Osborn Decl. ¶ 3. On April 21, 2020, the Commissioner filed the Administrative Record. *Id*. ¶ 4. On August 21, 2020, Ms. Rivera served her portion of the Joint Stipulation of Facts and Issues. *Id*. ¶ 5. On November 25, 2020, Judge Ona T. Wang issued a Stipulation and Order granting remand and the Court entered judgment in favor of Ms. Rivera, reversing and remanding

1

the case for further proceedings pursuant to sentence four of 42 U.S.C §405(g) the same day. *Id.* ¶ 6.

On November 30, 2020, counsel for Ms. Rivera wrote to Mary Ellen Brennan, counsel for the Commissioner, seeking payment of attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412.  In the letter, counsel requested compensation for 29.2 hours of attorney work at an hourly rate of $210.00 for a total of $6,132.00. *Id.* ¶ 7.  A true and accurate copy of the letter, including time records, is attached as **Exhibit 2**.

The parties eventually agreed on an EAJA fee of $5,800.00 and entered into a Stipulation to that effect. *Id.* ¶ 8.  On January 21, 2021, Judge Wang issued a Stipulation and Order approving the payment of EAJA fees.  A true and accurate copy of the Stipulation and Order is attached as **Exhibit 3**.  Thereafter, Osborn Law received fees under EAJA in the amount of $5,800.00. *Id.* ¶ 9.

Upon remand to the Social Security Administration, a second hearing was held before an administrative law judge (ALJ). The ALJ subsequently issued a decision finding Ms. Rivera disabled and entitled to benefits. *Id.* ¶ 10.

On February 3, 2025, the Social Security Administration issued a Notice of Award and set forth the supplemental security income payable to Ms. Rivera.  On April 1, 2025, the Social Security Administration issued a Notice of Award and set forth the disability benefits payable to Ms. Rivera. *Id.* ¶ 11.  A true and accurate copy of the Notices of Award are attached as **Exhibit 4** to the Osborn Decl.  The Notice of Award for supplemental security income states the total back pay withheld is $72,613.92, and the Pasternack Tilker Agency spoke with the Social Security Administration who confirmed that 25% of the back pay amount is $18,153.48.  A true and accurate copy of the email is attached as **Exhibit 5**.

The Notice of Award for disability benefits states, at page 3, that the Administration generally withholds 25% of past due benefits in order to pay fees to representatives or counsel and that $20,493.75 has been withheld from Ms. Rivera's past due benefits.    *Id.* ¶ 12, Osborn Decl. Ex. 4 p. 35.

Osborn Law, P.C. received the Notices of Award on April 16, 2025.  The Social Security Administration did not send the Notices of Award to Declarant's office.  Instead, the Notices were sent to the offices of Pasternack Tilker.  We presume this is because Pasternack Tilker represented Ms. Rivera before the Administration, while Osborn Law represented Ms. Rivera in this Court. *Id.* ¶ 13.

## ARGUMENT

Pursuant to 42 U.S.C. §406(b), a court may award reasonable attorney's fees to a successful claimant's attorney, provided that those fees do not exceed 25% of the amount of past-due benefits awarded to the claimant.

### A.  Counsel's Request Should be Deemed Timely.

In *Sinkler v. Berryhill*, 932 F.3d 83, 85 (2d Cir. 2019), the Second Circuit Court of Appeals held that, pursuant to Rule 54 of the Federal Rules of Civil Procedure, a fee application under §406(b) must be filed within 14 days after the entry of judgment.  "As the court noted, however, a practical problem arises with filing a motion within that period: §406(b) caps attorney's fees at 25% of the benefits award, but the Commissioner typically does not calculate the amount of past-due benefits until months after the decision to remand." *Id.* at 87.  To avoid imposing a "deadline that cannot be met," the Second Circuit applied the doctrine of equitable tolling to extend the time to file a fee motion until 14 days after the claimant is notified of the amount of any benefits award. *Id.* at 85, 87.

However, the court in *Sinkler* went on to suggest that the relevant date is when counsel, not the claimant, is notified of the benefits calculation. See *Sinkler*, 932 F.3d at 88 ("Once counsel receives notice of the benefits award . . . there is no sound reason not to apply [Rule 54's] fourteen-day limitations period to a §406(b) filing.") (emphasis added); see also *Walker v. Astrue*, 593 F.3d 274, 280 (3d Cir. 2010) ("the application of the filing deadline is tolled until the notice of award is issued by the Commissioner, and counsel is notified of that award.") (cited favorably in *Sinkler*).

Plaintiff is filing this motion on April 30, 2025, which is 14 days after Plaintiff's counsel received the Notices of Award from the offices of Pasternack Tilker on April 16, 2025. Osborn Decl. ¶13. Reading Sinkler to hold that the 14-day filing period starts to run from the date that counsel receives notice of the benefits, Plaintiff's motion is timely.

**B. Counsel's Request is Reasonable.**

In *Gisbrecht v. Barnhart*, the Supreme Court set forth the method for calculating a "reasonable" fee under §406(b). The Supreme Court held that "§406(b) [was designed] to control, not to displace, fee agreements between Social Security benefits claimants and their counsel[,]" and instructed district courts to "approach [§406(b)] fee determinations by looking first to the contingent-fee agreement, [and] then testing it for reasonableness." *Id*. at 808 (emphasis added).

In this Circuit, Courts typically look at three factors to determine reasonableness: (1) whether the requested fees are within the 25% cap, (2) whether the agreement was reached through "fraud or overreaching," and (3) whether the requested fees would represent a "windfall" to counsel. *Wells v. Sullivan*, 907 F.2d 367 (2d Cir. 1990).

Here, the Fee Agreement between counsel and Ms. Rivera provides that the attorney's fee for representation before the Federal Court will be the greater of (i) 25% of any past-due benefits, or (ii) such amount as may be obtained pursuant to EAJA. Here, the Social Security

4

Administration ultimately withheld $38,647.23 from Ms. Rivera's past-due benefits to pay court counsel or representative fees. Osborn Law is requesting this amount for its services.[1]

Next, there is no evidence in the record that the contingent-fee agreement was reached through fraud or overreaching. The agreement, signed by Ms. Rivera, states in plain language that she agrees to pay Daniel A. Osborn of Osborn Law, P.C. as much as 25% of any past-due benefits. See Osborn Decl. Ex. 1.

The amount requested also does not constitute a windfall. Counsel spent 29.2 hours on Ms. Rivera's appeal and now seeks a fee of $138,647.23, an amount that yields an effective hourly rate of $1,323.53. This Court has acknowledged that such a rate is less than "the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *See Kazanjian v. Astrue,* 2011 U.S. Dist. LEXIS 76661*; 2011 WL 2847439 (approving hourly rate of $2,100); *see also, Gentile v. Kijakazi*, 2023 U.S. Dist. LEXIS 180263 *; 2023 WL 6392905, (approving hourly rate of $1,750); and *see Fields v. Kijakazi*, 2022 U.S. App. LEXIS 2628, *20 (2d Cir. Jan. 28, 2022)(approving hourly rate of $1,556.98).

In 2022, the Second Circuit weighed in on the windfall issue and the lodestar issue in the *Fields* case, cited above. The Circuit Court stated that "we today wish to make clear that the windfall factor does not constitute a way of reintroducing the lodestar method" and Courts must consider "more than the *de facto* hourly rate" when determining whether there is a windfall that renders a §406(b) fee unreasonable. *Id.* at *15 (emphasis in original). The Circuit Court went on to identify several factors to consider when determining whether there is a windfall that renders

---

[1]    Counsel will refund to Plaintiff the lesser of any §406(b) award and the fee awarded pursuant to EAJA ($5,800.00). See *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (fee awards may be made under both EAJA and §406(b), but the Plaintiff's attorney must refund to Plaintiff the amount of the smaller fee).

the requested §406(b) fee unreasonable. *Id*. These factors include: (1) the ability and expertise of the lawyers and whether they were particularly efficient, (2) the nature and length of the professional relationship with the claimant, (3) the satisfaction of the disabled claimant, and (4) how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result (i.e., the risk of non-payment). *Id*. at *16.

Each of the factors weighs in favor of granting Plaintiff's motion. Counsel spent 29.2 hours of attorney time. The total time billed and the favorable result speak to counsel's experience and efficiency in facilitating the remand that led to the award of benefits to Ms. Rivera. *See Borus v. Astrue*, 2012 U.S. Dist. LEXIS 143570 (S.D.N.Y. Sept. 28, 2012) (the plaintiff's success at securing a reversal of the ALJ's decision is a factor to consider in determining appropriate attorney's fees). Moreover, there is no reason to believe that Ms. Rivera is anything other than satisfied, with an entitlement to tens of thousands of dollars in benefits. Finally, the contingent nature of the fees and the uncertainty of a favorable result for Ms. Rivera further justify the requested fees. See *Morrison v. Saul*, 2019 U.S. Dist. LEXIS 220068 (S.D.N.Y. Dec. 19, 2019) (Courts "often permit higher than usual hourly rates for Social Security cases due to the uncertain nature of contingency cases and to encourage representation of Social Security litigants, who may lack the resources to independently retain counsel."). Attached as **Exhibit 2** to the Osborn Decl. are counsel's time records, which identify the dates services were rendered, a description of the specific tasks performed, and the amount of time spent on each task.

6

**CONCLUSION**

For the reasons stated above, counsel respectfully requests that the Court award fees in the

amount of $38,647.23 and instruct the Commissioner to disperse that amount to Osborn Law, P.C.[2]

Dated:  New York, New York
       April 30, 2025

                          OSBORN LAW, P.C.

By:    s/Daniel A. Osborn
        Daniel A. Osborn, Esq.
        43 West 43rd Street, Suite 131
        New York, New York 10036
        Telephone:   (212) 725 – 9800
        Facsimile:    (212) 500 – 5115

Plaintiff's application for fees is **GRANTED**. The Government is directed to remit **$38,647.23** to Plaintiff's counsel out of Plaintiff's past due benefits in **accordance with agency policy.** To the extent that payments are prioritized in the order of the date received, the Government is requested to prioritize Plaintiff's payment as if it this Order was received on **April 1, 2025**.

**Plaintiff's counsel is directed to refund $5,800 to their client after receiving payment from the Government.**

Plaintiff's counsel is directed to serve a copy of this Order on their client and file proof of such service on the docket no later than **April 10, 2026**. Proof of service may be filed under seal without application. Electronic service is authorized.

**SO ORDERED**

_____
Ona T. Wang    April 3, 2026
U.S.M.J.

---

[2]    Should the Commissioner's procedures used to implement changes in IRS regulations require direct payment for §406(b) fees to an individual attorney rather than to a firm, the fee should be made payable to Daniel A. Osborn of Osborn Law, P.C.

7